**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-5029

MICHELLE ANTOINETTE SCOTT,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., District Judge.
(CR-97-171)

Submitted: August 31, 1998

Decided: September 18, 1998

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Michael F. Joseph,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michelle Antoinette Scott appeals her convictions after pleading guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(d) (1994) and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (1994). Scott alleges that the district court erred in sentencing her to 188 months' imprisonment. Finding no error, we affirm.

First, Scott contends that the district court erred in denying her a reduction for acceptance of responsibility under the sentencing guidelines. The determination of whether to reduce a sentence for acceptance of responsibility is a factual finding and is therefore reviewable under the clearly erroneous standard. See United States v. White, 875 F.2d 427, 431 (4th Cir. 1989). The record reveals that Scott denied pointing a gun at the bank teller during the robbery and afterward at a law enforcement officer. The district court found that she had pointed the gun at the teller and the police officer. That conclusion was based upon testimony given by the teller and the officer. Scott also admitted committing other armed robberies during which she pointed guns at the victims. We find that the district court's conclusion that Scott had not fully accepted responsibility for her criminal conduct to be well-supported. The denial of a sentence reduction on this basis was not clearly erroneous.

Next, Scott claims that the district court erred in the extent of its upward departure under the sentencing guidelines. The court departed from offense level 25, category III (70 to 87 months), to offense level 31, category VI (188 to 235 months). She does not challenge the court's authority to depart on the basis that it did--that her criminal history category significantly under-represented the seriousness of her criminal history or the likelihood that she would commit further crimes. See United States Sentencing Guidelines Manual § 4A1.3

2

(1997). Any departure must be reasonable under the circumstances. See United States v. Terry, 142 F.3d 702, 707 (4th Cir. 1998). We review the extent of the departure for abuse of discretion. See Koon v. United States, 518 U.S. 81, 98-100 (1996).

This court encourages district courts to look to analogous conduct in other sections of the sentencing guidelines to determine the extent of a reasonable departure. See Terry, 142 F.3d at 707. Scott concedes that the district court applied a structured approach in fashioning its departure. Indeed, consistent with this court's instruction, the district court looked to analogous guideline provisions to determine the extent of the departure here. Specifically, the court took guidance from USSG § 4A1.1(a) to add a total of twelve points to Scott's criminal history score for pending charges, which raised her score from six to eighteen. The court also raised Scott's offense level based on USSG § 2K2.4, comment. (n.2).

Scott's contention is that the district court should have considered her three pending charges for robbery to be related cases rather than separate cases. As related cases, Scott contends that the court should have been guided by USSG § 4A1.1(f) which would have resulted in an increase of five rather than nine criminal history points for the three pending robbery charges. However, the district court clearly considered these three robberies to be separate crimes and treated them accordingly. It turns out that the robberies were consolidated for judgment about a month after Scott's sentencing in federal court, but the district court considered that this might occur and stated that it would consider such a disposition of the charges to significantly under-represent their seriousness. We find that the district court properly looked to other guideline provisions in determining the extent of its departure and that its treatment of the pending robbery charges as separate offenses was within its discretion. The extent of the upward departure was reasonable.

Accordingly, we affirm Scott's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED

3